**HOLETON et, Plaintiffs-Appellants, v. ELLISON et, Defendants-Appellees.**

Ohio Appeals, Second District, Shelby County.

No. 163.   Decided March 12, 1952.

Blake & Lewis, Sidney, for plaintiffs-appellants.
Frank H. Marshall, Sidney, for defendants-appellees.

## OPINION

By MILLER, J:

This is a law appeal from the judgment of the Common Pleas Court rendered on the verdict of a jury in favor of the defendants. The action was one for damages for trespass upon the property of the plaintiffs.

The record reveals that the plaintiffs and defendants were the owners of adjoining farms; that there was a three acre wooded section along the common boundary, the ownership of which was in dispute; that after the alleged trespass had been committed the Common Pleas Court in an action to quiet title to this tract found the same to be in the plaintiffs.

The evidence was in conflict as to the amount of the damages incurred although the defendant, Marshall J. Ellison, admitted having entered upon this tract and removed a portion of a fence, by pulling approximately seven posts from the ground, placing them on a pile and rolling into a roll the wire fence, which had been detached from these posts.

The first error assigned is that the verdict is not sustained by the law applicable to the evidence. We think this assignment is well made for the reason that the defendant admitted the entry and the removal of a portion of the fence. Every entry upon the land of another without a license or authorization is unlawful and constitutes a trespass for which damages may be recovered, and if not substantial, it may be only nominal. **Cooper v. Hall, 5 Ohio, 321.** But regardless of the amount, the unlawful entry warrants a verdict in favor of the plaintiffs. It is urged by the appellee that the Court recognized this principle when it rendered its judgment in favor of the defendants but ordered the costs taxed against them "for the reason that the jury could have found nominal damages for a trespass on plaintiffs' land." The trial court was of the opinion that by taxing the costs against the defendants the error in the verdict was corrected. Citing **13 O. Jur. 67,** as follows:

"Reversal for Failure to Give. Although the law presumes nominal damages from the infringement of a legal right, and holds the party whose right is infringed entitled thereto without proof of actual damage, such damages are damages in name only, and it is held that, notwithstanding the case is a proper one for the allowance of nominal damages, if no

actual damages are proved, the failure of the court to allow nominal damages constitutes no ground for reversal, on error, if such failure does not affect the question of costs. If, however, a judgment for the defendant carries costs, and the case is one where the plaintiff is entitled to nominal damages, the failure to grant nominal damages constitutes reversible error. But in no case will a judgment in favor of the defendant be reversed to allow a recovery of nominal damages, in the absence of a specific assignment or complaint on the ground."

The above citation is authority for such procedure only when no actual damages have been proven, which is not the fact in the case at bar because of the admissions of the defendant.

It is next urged that the Court erred in its general charge to the jury in instructing that "the plaintiff would be entitled to recover if you find that the defendants herein caused any damages to the plaintiffs as a result of any unlawful conduct upon plaintiffs' land." Whether or not the conduct of the defendant, Marshall J. Ellison (Alice E. Allison having been dismissed), was lawful was not a jury question for upon the admission of this defendant the illegality was established. The Court instructed the jury properly that title to the property was in the plaintiffs but should have further charged that the admitted entry thereon by the defendant was an unlawful entry, for which a verdict should be returned for the plaintiffs for the amount of actual damages suffered, if any, and if none, the verdict should be for the plaintiffs for nominal damages. Under the instruction given the verdict may have been returned for the defendant upon the theory that the entry was not unlawful, and not upon the premise that the plaintiffs had suffered no damages.

The third assignment of error charges prejudicial and misleading statements by counsel for the defendants in arguing to the jury. The bill of exceptions does not contain the arguments of counsel; therefore this assignment cannot be considered.

The last error assigned relates to an omission in the Court's charge. This alleged error was not called to the attention of the trial judge and therefore may not be taken advantage of in error proceedings. **State v. Schiller, 70 Oh St 1, 8; State v. McCoy, 88 Oh St 447, 453.**

The judgment is ordered reversed and cause remanded for further proceedings according to law.

HORNBECK, PJ, WISEMAN, J, concur.